UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PROMEDICA CONTINUING CARE
SERVICES CORPORATION, d/b/a
LAKE PARK NURSING CENTER,

       Plaintiff,

v.

HILLSDALE COUNTY, MICHIGAN,
a Michigan municipal corporation, and
GARY A. LEININGER, HILLSDALE
COUNTY TREASURER, in his official
and individual capacity, jointly and severally,

       Defendants.
_____/

Case No. 1:08-cv-844

HON. JANET T. NEFF

## OPINION

Plaintiff Promedica Continuing Care Center, d/b/a Lake Park Nursing Center, filed this civil rights action under 42 U.S.C. § 1983 following the denial of relief in the Michigan courts from a property tax foreclosure judgment that extinguished plaintiff's judgment lien of $52,583.74. After a Rule 16 Scheduling Conference with counsel, this Court ordered plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction on the grounds that plaintiff merely seeks federal court review of prior state court decisions. Having considered plaintiff's Response to the Show Cause Order, defendants' Response, and plaintiff's Reply, the Court determines that this case is properly dismissed.

I. Background

Plaintiff's federal court complaint alleges claims under 42 U.S.C. § 1983 based on a Violation of Due Process (Count 1); Violations of Due Process under the Michigan and United States Constitutions (Count 2); and Unjust Enrichment (Count 3). Plaintiff's claims stem from defendants' property tax foreclosure and sale of real property in Hillsdale County, Michigan without satisfaction of the judgment lien[1] held by plaintiff against the property. Although plaintiff's lien was recorded, plaintiff allegedly never received notice of the impending foreclosure because the certified mail notice sent by defendants to plaintiff's address listed on the lien was returned as undeliverable, even though it was a valid address. On February 24, 2006, the Hillsdale Circuit Court entered a Judgment of Foreclosure and Order concerning the property. Plaintiff learned of the foreclosure only one day before title to the property vested in the County on March 31, 2006 (Pl. Resp. 3).

After the foreclosure, plaintiff contacted defendant Treasurer numerous times in April of 2006, and was told that the Treasurer would not accept payment for the past due taxes and the only option was to purchase the property at a forthcoming sale (Pl. Resp. 3). On September 12, 2006, the property was purchased at auction for $65,000 by a third party, with the proceeds going to the County (*id.*).

On September 26, 2006, plaintiff filed a Motion for Relief from Judgment in the Hillsdale Circuit Court, and on October 10, 2006, plaintiff filed a First Amended Motion for Relief from Judgment. Following a hearing, the Circuit Court denied plaintiff's motion (Pl. Resp. Ex. G). On November 13, 2006, plaintiff filed a claim of appeal with the Michigan Court of Appeals. The Court

---

[1] Plaintiff held a judgment lien against real property owned by Marion Getzinger as a result of unpaid charges incurred for skilled nursing care provided to Ms. Getzinger by Lake Park Nursing Center from October 2001 to January 2004 (Pl. Resp. 2).

of Appeals dismissed the appeal for lack of jurisdiction because it was not timely filed, since neither the claim of appeal nor the motion for relief from judgment was filed within 21 days of the February 24, 2006 foreclosure judgment, pursuant to the Michigan Court Rules (Pl. Resp. Ex. H). The Order dismissing the appeal further stated that any appeal must be taken by an application for leave to appeal under MICH. CT. R. 7.205 (*id.*).

Plaintiff then filed a delayed application for leave to appeal the denial of relief from the property tax foreclosure judgment, which the Michigan Court of Appeals denied for lack of merit in the grounds presented in an Order dated August 16, 2007 (Def. Resp. Ex. 1). Plaintiff also again filed a claim of appeal, which the Michigan Court of Appeals denied in a March 15, 2007 Order because the claim of appeal was not filed within 21 days of the final order (*id.*).

## II. Discussion

"[U]nder what has come to be known as the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis,* 546 U.S. 459, 463 (2006); *see Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). Jurisdiction to review state court judgments is vested exclusively in the United States Supreme Court. 28 U.S.C. § 1257; *McCormick v. Braverman,* 451 F.3d 382, 389 (6th Cir. 2006). Thus, lower federal courts may not entertain "'cases brought by state-court losers complaining of injuries by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Fieger v. Ferry,* 471 F.3d 637, 642 (6th Cir. 2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005)).

In light of the prior state court adjudications related to plaintiff's claims in this case, this Court directed plaintiff to show cause why this action should not be dismissed based on the *Rooker-Feldman* doctrine. In response, plaintiff contends that neither res judicata nor the *Rooker-Feldman* doctrine applies to preclude the instant action.

Defendants contend that plaintiff's res judicata arguments are misplaced and that the *Rooker-Feldman* doctrine does apply to plaintiff's federal court complaint because the instant action directly challenges the Hillsdale Circuit Court's denial of plaintiff's motion for relief from judgment for the same reasons raised in the state court proceedings. Defendants argue that plaintiff's federal complaint and the documentary evidence submitted by plaintiff in response to the Show Cause Order demonstrate that plaintiff merely seeks review of the appropriateness of the November 2, 2006 Order of the Hillsdale Circuit Court, which denied plaintiff's motion for relief from judgment and, ultimately, the earlier February 24, 2006 Order of Foreclosure, from which plaintiff sought relief in the state courts.

The Court agrees with defendant that plaintiff has failed to show that jurisdiction is proper in this case. Consequently, plaintiff's complaint is properly dismissed.

As a preliminary matter, defendants correctly point out that the Court's Show Cause Order specifically concerned the matter of jurisdiction under the *Rooker-Feldman* doctrine, not res judicata principles. While federal courts must give the same res judicata effect to state court judgments that the state would give pursuant to "full faith and credit" principles, 28 U.S.C. § 1738, res judicata is merely an affirmative defense, which is waived if not raised. Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* (2007), § 2:1380. On the other hand, "*Rooker-Feldman* is *jurisdictional* so that the district court must raise it and dismiss the action even if the parties do not

4

raise the issue." *Id.* (citing *Exxon,* 544 U.S. at 293). Because the Court concludes that plaintiff's federal court action is precluded under the *Rooker-Feldman* doctrine, the Court is without jurisdiction to consider plaintiff's claims. Plaintiff's res judicata arguments are therefore immaterial.[2]

Under the *Rooker-Feldman* doctrine, a federal district court may not adjudicate an action seeking to reverse a state court judgment or issues "inextricably intertwined" with those adjudicated by a state court. *Federal Civil Procedure Before Trial, supra,* § 2:1380; *McCormick,* 451 F.3d at 391-92. That the challenge brought may include federal constitutional issues is irrelevant:

> As courts of original jurisdiction, federal district courts have no authority to review the final determinations of a state court in judicial proceedings. *See* [*Feldman,* 460 U.S. at 482]; *Worldwide Church of God v. McNair,* 805 F.2d 888, 890 (9th Cir. 1986). This is true even when the challenge to a state court decision involves federal constitutional issues. *Feldman,* 460 U.S. at 484-86 []; *Worldwide Church of God,* 805 F.2d at 891.

*Branson v. Nott,* 62 F.3d 287, 291 (9th Cir. 1995). Nonetheless, if a federal plaintiff asserts some "independent claim," even one that denies a legal conclusion reached by the state court, *Rooker-Feldman* is not triggered. *McCormick,* 451 F.3d at 392.

Plaintiff asserts that this action presents an independent claim rooted in the actions of the defendant Treasurer prior to the foreclosure action, and thus, the *Rooker-Feldman* doctrine is inapplicable. Plaintiff argues that (1) plaintiff was not a party to the prior state action, (2) the claims

---

[2] In any event, plaintiff's discussion of res judicata fails to acknowledge that under Michigan law, res judicata bars "'every claim arising from the same transaction that the parties, exercising reasonable diligence, *could have raised but did not*.'" *Young v. Twp. of Green Oak,* 471 F.3d 674, 680 (6th Cir. 2006) (quoting *Adair v. Michigan*, 680 N.W.2d 386, 397 (Mich. 2004) (emphasis added)). Plaintiff sets forth no reason that its due process and unjust enrichment claims could not have been raised in the state courts.

at issue were not raised in the state court judgment, nor are they "inextricably intertwined," and (3) plaintiff never filed a state court claim for a violation of its § 1983 due process rights.

The Court is unpersuaded by plaintiff's arguments. In fact, plaintiff's filings in the state courts belie plaintiff's assertions. The Court finds no substantive distinction between plaintiff's state court actions and this action.

Under the property tax foreclosure scheme in Michigan's General Property Tax Act (GPTA), MICH. COMP LAWS § 211.1 *et seq.*, plaintiff was a party in interest to the foreclosure based on the judgment lien held against the real property at issue. Plaintiff filed its motion for relief from judgment in the Hillsdale Circuit Court on the basis of the GPTA's notice provisions, arguing that as a party with a legal interest in the subject property, plaintiff was entitled to notice of the pending foreclosure action and that defendant Treasurer failed to provide such notice (Pl. Resp. Ex. F, Promedica Continuing Care Services Corp's First Am. Mot. for Relief from Judg.). In the state circuit court motion, plaintiff argued that the lack of notice of foreclosure violated plaintiff's state and federal due process rights, stating as follows:

> The lack of foreclosure notice and ProMedica's Judgment Lien provides more than enough reason to justify relief from the Judgment of Foreclosure. The General Property Tax Act, M.C.L. § 211.1 et seq., requires that a county treasurer send notice to parties that hold a legal interest in the subject property. M.C.L. §§ 211.78(e)(2), 211.78(f), and 211.78(i). "As an overall principal, M.C.L. § 211.78(2) provides that the adequacy of the notice under the act is governed by state and federal due process standards, rather than by the specific provisions of the act." *Republic Bank v. Genesee County Treasurer,* 471 Mich. 732, 737 (2005). Federal standards require notice to apprise interested parties of the pendency of an action and to afford them an opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314-15.
> 
> The court in *Dow. v. Michigan,* 396 Mich. 192 (1976), examined the due process requirements of notice as it relates to notice of a tax sale. The court concluded that notice by publication is insufficient and that notice by certified mail is required. *Id.* "[T]he Due Process Clause requires that an owner of a significant interest in property be given proper notice and an opportunity for a hearing." *Id.* at

> 196. *Because Promedica was a necessary party to this action, and holds a legal interest in the property, inadequate notice warrants relief from the judgment.*
>
> \* \* \*
>
> The delivery failure of the certified mail from the Treasurer rendered notice to ProMedica inadequate.  It has been shown that ProMedica's due process rights were violated with the lack of notice.  This goes directly against the intent of the Michigan legislature in setting forth the provisions of foreclosure notice. *See* M.C.L. § 211.78.  Further, notice was in violation of Federal standards, as the certified mail did not apprise ProMedica of the pending foreclosure action or allow it the chance to object. *Mullane,* 339 U.S. at 314-15.  Consequently, notice of the foreclosure sent to ProMedica was inadequate.  *Republic Bank,* 471 Mich. at 737.  Therefore, this Court should grant ProMedica's Motion for Relief from Judgment.

(Pl. Resp., Ex. F) (emphasis added).

The Hillsdale Circuit Court denied plaintiff's motion in a ruling from the bench, stating:

> Based on the documentary evidence that has been provided in the affidavit of Mr. Leininger outlining the steps that were taken, the Court finds that the treasurer has fully complied with the statutory requirements.  Notice was properly given to the moving party in this particular case and I'll deny the requested relief.

Plaintiff's various appeals of the Circuit Court's ruling were either denied or dismissed by the Michigan Court of Appeals.

Plaintiff's federal court complaint in the instant action now seeks to revive plaintiff's notice and due process arguments premised on the same essential factual and legal allegations presented to the state courts (with, additionally, a claim for unjust enrichment).  Plaintiff's federal court complaint does not present a new, independent claim.  Michigan's GPTA provisions and court rules provide mechanisms for redress in circumstances in which a party with an interest in property contests a foreclosure, and such redress has been secured where a due process violation was shown. *See, e.g., In re Petition by State Treasurer for Foreclosure of Certain Parcels of Property Due to Unpaid 2000 and Prior Years' Taxes, Interest, Penalties and Fees,* No. 281176, 2009 WL 794483 (Mich. Ct. App. March 26, 2009) (reversing the denial of a motion to set aside a judgment of

foreclosure and to void certain quitclaim deeds) and *Penzien v. Village of Capac,* Nos. 259536, 259540, 2006 WL 1791630 (Mich. Ct. App. June 29, 2006) (addressing due process notice requirements where the defendant demolished a building allegedly without proper notice to the plaintiffs land contract vendors). Plaintiff pursued such redress in this case, but those efforts failed on the merits.

In this case, plaintiff again seeks review of the appropriateness of the foreclosure judgment that extinguished plaintiff's judgment lien. Plaintiff's instant claims are "inextricably intertwined" with the denial of plaintiff's motion for judgment of relief in the state court. Any relief granted by this Court on plaintiff's instant contentions of lack of notice and due process violations, necessarily calls into question the state court judgment. Where the source of injury is from the state court judgment, the *Rooker-Feldman* doctrine applies. *Fieger,* 471 F.3d at 642-43.

The Court finds no merit in plaintiff's argument that the instant case involves a third party's actions, those of defendant Treasurer, and is therefore an "independent claim" for purposes of the *Rooker-Feldman* doctrine. In this case, as in the state court case, the action of defendant Treasurer is merely the underlying conduct challenged in attacking the foreclosure judgment and sale; it is not unrelated third-party conduct supporting an independent claim. Where a plaintiff's claims of particular injuries suffered arise as a direct result of prior state-court judgments, the *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over a challenge that seeks to overturn the state-court judgments. *Abbott v. Michigan,* 474 F.3d 324, 330 (6th Cir. 2007).

The due process rights on which plaintiff's claims are premised are indisputable:

> Proceedings that seek to take property from its owner must comport with due process. A fundamental requirement of due process in such proceedings is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

8

> *Mullane,* [339 U.S. at 314.] Interested parties are "entitled to have the [government] employ such means 'as one desirous of actually informing [them] might reasonably adopt' to notify [them] of the pendency of the proceedings." *Dow,* [396 Mich. at 240], quoting *Mullane, supra* at 315, 70 S. Ct. 652. That is, the means employed to notify interested parties must be more than a mere gesture; they must be means that one who actually desires to inform the interested parties might reasonably employ to accomplish actual notice. *Mullane, supra* at 315 []. However, "[d]ue process does not require that a property owner receive actual notice before the government may take his property." *Jones* [*v. Flowers,* 547 U.S. 220, 226 (2006).]

*Sidun v. Wayne County Treasurer,* 751 N.W.2d 453, 458 (Mich. 2008).

Plaintiff's due process claims were heard and rejected by the state circuit court. Plaintiff's subsequent requests for relief in the Michigan appellate court were likewise rejected. The mere failure to secure relief in the state courts does not warrant recourse in this Court. Under the circumstances of this case, the proper avenue for relief is with the United States Supreme Court, wherein jurisdiction rests for review of the state court judgment.

### III. Conclusion

For the reasons stated above, this Court lacks jurisdiction over the claims presented by plaintiff pursuant to the *Rooker-Feldman* doctrine. Accordingly, this action is dismissed with prejudice.

An Order consistent with this Opinion will be entered.

DATED: April 28, 2009                           /s/. Janet T. Neff
                                                JANET T. NEFF
                                                United States District Judge

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PROMEDICA CONTINUING CARE
SERVICES CORPORATION, d/b/a
LAKE PARK NURSING CENTER,

      Plaintiff,                              Case No. 1:08-cv-844

v.                                                HON. JANET T. NEFF

HILLSDALE COUNTY, MICHIGAN,
a Michigan municipal corporation, and
GARY A. LEININGER, HILLSDALE
COUNTY TREASURER, in his official
and individual capacity, jointly and severally,

      Defendants.
_____/

## ORDER OF DISMISSAL

In accordance with the Opinion entered this date:

**IT IS HEREBY ORDERED** that this case is dismissed with prejudice on the grounds that plaintiff's claims were previously adjudicated in state court.

**IT IS FURTHER ORDERED** that this order resolves the last pending claim and the action is TERMINATED.


DATED: April 28, 2009                     /s/ Janet T. Neff
                                              JANET T. NEFF
                                              United States District Judge